CRUZADO, ADMINISTRADÓR JUDICIAL, DEMANDANTE Y APELANTE,
v. LÓPEZ BALLESTER, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en pleito sobre reivindicación.

No. 1735.—Resuelto en febrero 19, 1918.

REIVINDICACIÓN — TÍTULOS INSCRITOS — PRESCRIPCIÓN ENTRE PRESENTES. — Constando inscrito el justo título dominical del demandado por más de diez años en el registro y habiendo el dicho demandado, personalmente y por sus antecesores, permanecido por todo ese tiempo en la posesión material continua de la finca como tal dueño, de buena fe y entre presentes, no puede prosperar en contra suya la acción reivindicatoria ejercitada por los demandantes, no obstante haber éstos demostrado que tenían su título inscrito con anterioridad en el registro.

Los hechos están exprésados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un pleito sobre reivindicación. De las alegaciones y de las pruebas resulta en cuanto al derecho de la parte demandante que Carlos Valentín Aponte, por escritura pública otorgada el 17 de marzo de 1882, vendió a José Cruzado una finca que tenía inscrita a su favor en el registro de la propiedad, de quince cuerdas, situada en el barrio del "quemado," del término municipal de Mayagüez. Cruzado no inscribió su título en el registro y falleció en el año de 1897. El 13 de diciembre de 1915 la Corte de Distrito de Mayagüez declaró herederos abintestato del dicho José Cruzado a sus siete hijos legítimos y a su viuda, y el 26 de junio de 1916 nombró administrador judicial de su herencia al heredero José Cruzado Ramírez. El administrador trató de posesionarse de la indicada finca, no pudiendo verificarlo por haberla encontrado ocupada por Ernesto López Ballester. Entonces inició este pleito para reivindicarla archivando la demanda el 6 de julio de 1916.

El derecho de la parte demandante quedó, pues, *prima facie,* plenamente demostrado. Veamos el resultado de las alegaciones y de las pruebas con respecto al derecho de la parte demandada.

Como hemos dicho el demandado Ernesto López Ballester se encuentra en la posesión material de la finca, y lo está por haber comprado el 14 de octubre de 1915, ante notario público, a Emma Carbonell una finca de setenta cuerdas dentro de la cual se hallan las quince a que se refiere este pleito. El título de Ballester se encuentra inscrito en el registro de la propiedad y su origen es el siguiente: El 4 de abril de 1906 Angela Ramírez Vélez, viuda de José Cruzado, inició un expediente en la Corte de Distrito de Mayagüez para acreditar la posesión de la finca, alegando que la había adquirido por compra desde junio de 1898 a Rogelio Martínez. El expediente fué aprobado el 14 de abril de 1906 y se inscribió en el registro el día 18 de abril de 1906. El 29 de febrero de 1907 Angela Ramírez Vélez vendió la finca a Bernardo Bocanegra y Miguel Castro, inscribiéndose la venta en el registro. El 19 de mayo de 1908 los dichos Bocanegra y Castro la vendieron a su vez a José A. Menéndez, inscribiéndose también la transferencia en el registro. Menéndez la vendió el 23 de noviembre de 1908 a Pedro J. Bras y éste la adjudicó en pago de cierta deuda a Emma Carbonell, el 14 de junio de 1915, quien como dejamos expuesto la vendió el mismo año al demandado. Rogelio Martínez declaró en el acto de la vista que en efecto había vendido la finca de setenta cuerdas allá por el año de 1898 a Angela Ramírez de Vélez. Los demandantes no aportaron prueba alguna tendente a demostrar que dichos Rogelio Martínez, Angela Ramírez y subsiguientes compradores hubieran actuado de mala fe.

Existe, pues, un conflicto de derechos que fué decidido por la corte de distrito en contra de la parte demandante.

¿Actuó con razón derecha el tribunal sentenciador? Opinamos que sí.

Es cierto que el título de los demandantes a las quince cuerdas de que se trata es más antiguo que el del demandado. Su inscripción data desde el año 1881. Pero también lo es que las quince cuerdas fueron vendidas por Rogelio Martínez en 1898 a Angela Ramírez de Vélez y que ésta acreditó la posesión en que se hallaba en concepto de dueña y la inscribió sin dificultad en el registro el 18 de abril de 1906, o sea más de diez años antes de la interposición de la demanda en este pleito, y el artículo 1850 del Código Civil Revisado, igual al 1949 del antiguo, si bien dispone que contra un título inscrito en el registro de la propiedad no tendrá lugar la prescripción ordinaria, también ordena que tal prescripción tendrá lugar a virtud de otro título igualmente inscrito debiendo empezar a correr el tiempo desde la inscripción del segundo.

En este caso el término para prescribir es el de diez años, por tratarse de prescripción entre presentes. (Art. 1858 del Código Civil.) Se demostró que los demandantes residían en Puerto Rico y aunque uno de ellos manifestó que había estado ausente en Santo Domingo y en los Estados Unidos, no hay datos en su declaración para concluir que su ausencia fuera por un año entero y continuo. (Art. 1859 del Código Civil.)

Habiendo en consideración todo lo expuesto y teniendo en cuenta la jurisprudencia establecida por esta Corte Suprema, entre otros, en los casos de *Maldonado* v. *Ramos et al.,* 24 D. P. R. 297, y *Teillard* v. *Teillard* y otros, 18 D. P. R. 562, debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.