LA SUCESIÓN DE MANUEL ASTASIO, demandante y apelante, *v.* LOS HEREDEROS DESCONOCIDOS DE CELESTINO LANZA y JOSÉ TORO RÍOS, demandados y apelados.

No. 4043.—*Visto:* Febrero 1, 1927. *Resuelto:* Julio 20, 1927.

1. EJECUCIÓN—VENTA—MANERA, PROCEDER *(Conduct),* VALIDEZ Y CONFIRMACIÓN O ANULACIÓN—ATAQUE COLATERAL A LOS PROCEDIMIENTOS QUE MOTIVARON LA VENTA.—Adjudicada una finca vendida en ejecución de sentencia al acreedor y otorgada la escritura de venta a favor de uno a quien aquél traspasó la misma o sus derechos sobre ella, el título adquirido por éste no puede ser atacado colateralmente mediante impugnación de los procedimientos que motivaron la venta, aún suponiendo que la sentencia y la venta fueran defectuosas.

2. EJECUCIÓN—VENTA—MANERA, PROCEDER *(Conduct),* VALIDEZ Y CONFIRMACIÓN O ANULACIÓN—ATAQUE COLATERAL A LOS PROCEDIMIENTOS QUE MOTIVARON LA VENTA.—Aún cuando el título de adjudicación de una finca vendida en ejecución de sentencia sea imperfecto—en el supuesto de que la sentencia y la venta fueran defectuosas—vendida la finca por el adjudicatario a un tercero, el título de aquél es un justo título en lo que respecta a éste, y contra quien, una vez adquirido título absoluto mediante prescripción por más de diez años,

no puede prosperar una acción en que se ataquen colateralmente los procedimientos que motivaron la venta y la adjudicación.

3. EJECUCIÓN—VENTA—TÍTULO Y DERECHOS DEL COMPRADOR—COMPRADORES DEL ADJUDICATARIO EN LA VENTA.—Aún cuando una escritura respecto a una finca haya pasado por manos de un registrador y aquella pueda haber demostrado falta de título, ello no le impide adquirir la propiedad a que aquélla se refiere, y para anularle su título por supuestos defectos en el mismo, al demandante incumbe demostrar que él tenía conocimiento real de dichos defectos si es que existían.

SENTENCIA de *Pablo Berga*, J. (Humacao), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Francisco Cervoni Gely*, abogado del apelante; *González Fagundo & González Jr.*, abogados del apelado José Toro Ríos.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1, 2] Convenimos enteramente con los apelados en que el alegato del apelante es defectuoso por no contener una relación más amplia del caso. La corte inferior dictó una extensa opinión que ha sido considerada sumariamente o pasada por alto en el alegato del apelante. Este ataca el procedimiento que dió lugar a la venta judicial efectuada en 1896. Aunque no discutiremos la cuestión, hay probabilidad razonable de que la corte inferior y los apelados tengan razón al sostener que los procedimientos que dieron lugar a la sentencia y venta en cumplimiento de la misma en el año 1896 eran correctos o que de sus defectos sólo podían aprovecharse personas que ahora no están ante la corte. Más que en esto, sin embargo, convenimos con la corte y los apelados en que el comprador en la venta judicial estaba protegido contra un ataque colateral y que el demandado José Toro Ríos ha estado en posesión de la finca en cuestión por más de diez años con buena fe y justo título. El caso de *González* v. *Anglada*, 33 D.P.R. 1021, y los casos citados en el mismo son aplicables a las distintas proposiciones que consideraremos más adelante.

Manuel Astasio Carrillo falleció el día 13 de octubre de 1893. Según el alegato del apelante, su sucesión (*sic*) fué demandada por Antonio Oms en cobro de pagaré por la

suma de $282.50 y la finca objeto de este litigio fué embargada y vendida. Estos fueron los procedimientos impugnados por el apelante. La finca fué adjudicada al acreedor, Oms. Este último traspasó la misma o sus derechos sobre ella a Celestino Lanza, a cuyo favor se otorgó la escritura de venta. Celestino Lanza adquirió un título que nos inclinamos a creer no podía ser atacado en un pleito colateral. Aparentemente, la persona de quien él compró tenía un justo título, adquirido en virtud de adjudicación de una corte competente. Todo esto, en el supuesto de que la sentencia y la venta fueran defectuosas.

El pleito no está dirigido contra Celestino Lanza, sino contra José Toro Ríos. En el año 1906 el primero otorgó a favor del segundo escritura formal de la finca, pero la prueba tendió a demostrar que José Toro Ríos hubo la finca de Lanza en 1899. En el 1903 José Toro Ríos tramitó e inscribió un expediente de dominio sobre el mismo inmueble, en unión a otras fincas.

Bajo estas circunstancias, aunque Celestino Lanza tuviera un título imperfecto, era un justo título en lo que a José Toro Ríos se refería. Este último obtuvo un título absoluto mediante prescripción por más de diez años. *Cruzado* v. *López Ballester,* 26 D.P.R. 163.

[3] El apelante dió algún énfasis al hecho de que José Toro Ríos era Registrador de la Propiedad al tiempo en que la finca fué vendida en pública subasta y hasta la época en que él, José Toro Ríos, la compró. Creemos que un registrador puede adquirir una propiedad como cualquiera otra persona, aun cuando una escritura que haya pasado automáticamente por sus manos pueda haber demostrado falta de título. A los demandantes incumbía demostrar que José Toro Ríos tenía conocimiento real de los defectos, si es que éstos existían.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Aldrey no intervino.