## FEDERAL TRADE COMMISSION v. PURE SILK HOSIERY MILLS, Inc.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1924. Rehearing Denied January 2, 1925.)

No. 3456.

Trade-marks and trade-names and unfair competition ⊚⟶80½, New, vol. 8A Key-No. Series—Corporation held not to have complied with order prohibiting use of word "mills" until it operated factory or mills.

Acquisition by corporation of less than one-sixth of outstanding stock of hosiery mill and the placing of one of its officers as one of seven directors of such mill was not a compliance with order of Federal Trade Commission, pursuant to Act Cong. Sept. 26, 1914 (Comp. St. § 8836a et seq.), requiring it to cease using a name including word "mills" until it actually owned or operated a factory or mills.

Application for Enforcement of an Order of the Federal Trade Commission.

Application by Federal Trade Commission for enforcement of order made by it directed to the Pure Silk Hosiery Mills, Inc. Petition granted, and restraining order allowed.

James T. Clark, of Washington, D. C., for petitioner.

Joseph A. McInerney, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Pursuant to Act of Congress approved September 26, 1914 (Comp. St. § 8836a et seq.), the Federal Trade Commission applies to this court for enforcement of an order by it made directing that "respondents cease and desist from carrying on the business of selling

hosiery in commerce among the several states of the United States, under a trade-name or corporate name which includes, the word 'Mills,' in combination with the words 'Pure Silk Hosiery,' or words of like import, unless and until such respondents, or either of them, actually owns or operates a factory or mills in which hosiery sold by them, or either of them, is manufactured."

The nature of the charge may well be inferred from the order itself, but upon presentation of the petition to this court the facts with which we have to deal were stipulated between petitioner and respondent. From the stipulation it appears that respondent has acquired and owns 240 out of a total of 1,363 shares of the outstanding capital stock of the Browning Hosiery Mills, a Tennessee corporation, having hosiery mills at Chattanooga; that the respondent's secretary and treasurer is one of a board of directors of seven of the Browning Hosiery Mills, and that the secretary and treasurer of the latter is a director and vice president of respondent, and that, except as stated, respondent has no part in the management or control of the Browning concern; that respondent has no other interest or ownership in any other hosiery mill; that its purchases from this mill in May and June, 1922, were 45 and 38 per cent., respectively, of the mill's total output, and thereafter, up to June, 1923, its monthly purchases of the mill's total output ranged from 27 to 5 per cent.; that respondent buys and sells hosiery manufactured by others than the Browning Mills, and the latter sells its products also to jobbers, persons, and firms other than respondent; that two of the styles handled by respondent were made for it exclusively by the Browning Hosiery Mills; that, owing to the large quantity which respondent bought from the Browning Hosiery Mills, it is allowed "a somewhat better price on its purchases than is made by the Browning Hosiery Mills to other purchasers."

It is further stipulated that since the Commission's order respondent has not discontinued the use of the word "Mills," but that it has continued to advertise that it manufactures its hosiery, and continues to use and permanently display in its advertising the words "Mill to Home," and to advertise that it thus eliminates jobbers', wholesalers', and retailers' profits, as well as advertising overhead, and enables it to sell to consumers at greatly less than usual retail prices. If the condition of the order is not complied with by respondent's acquirement of the Browning Hosiery Mills

stock, it is frankly conceded that there has been no compliance with the Commission's order, and practically no other reason is here advanced for respondent against granting the prayer of the petition.

That the acquirement of slightly more than one-sixth of the stock of an incorporated hosiery mill is compliance with the condition of the order that it actually "owns or operates a factory or mills in which hosiery sold by them is manufactured" is startling in its very statement. If the holding of this small minority of stock can justify public representation that respondent owns and operates the mills wherein its hosiery is made, then like representation could be justified by the ownership of any number of shares less than 240. But if, in any event, ownership by respondent of a majority or even all the stock of another corporation which owns a hosiery mill would satisfy the condition of the order, the stipulated situation falls very far short of any such relation. Respondent's minority stockholding and its single membership on a board of seven of the Browning Mills in no manner gives it such an advantageous position as its public representations state, and from the stipulation it appears that even the somewhat lower price it obtains on what it buys is not because of any proprietary influence or control it has, but solely because of its large purchases. The stipulated evidence, far from showing compliance with the order, manifests its flagrant violation.

The prayer of the petition is granted, and it is ordered by the court that the respondent, Pure Silk Hosiery Mills, Inc., its officers, agents, and employees, do cease and desist from carrying on the business of selling hosiery in commerce among the several states of the United States under a trade-name or corporate name which includes the word "Mills" in combination with the words "Pure Silk Hosiery," or words of like import, and from making representations through advertisements, circulars, correspondence stationery, or in any manner whatsoever, designed to promote or otherwise affect interstate commerce, that it is the owner of or controls a hosiery mill or mills, or that the hosiery by it sold comes direct from manufacturer to purchaser, unless and until the respondent actually owns and operates, or directly and absolutely controls a factory or mill wherein is made any and all hosiery by it sold or offered for sale under such title or name, or by or through any advertisement or other representation of ownership of such a mill or factory.