B. FERNANDEZ & BROS., SUCCESSORS, ET AL. *v.* AYLLON Y OJEDA, IN HER OWN RIGHT AND AS GUARDIAN AD LITEM, ETC.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 82. Argued October 16, 1924.—Decided November 17, 1924.

1. Special deference is to be paid to decisions of the Supreme Court of Porto Rico which turn upon the local statutes and traditions of the Island. P. 146.
2. A sale of land belonging to minors in Porto Rico made by their testamentary tutor without recording his appointment in the registry of tutorships, or giving the bond or taking the oath required by law, but made under order of the local District Court having jurisdiction over the minors and the tutor, *held* a "just" or "proper" title within the ten-year prescription law, as the order was valid on its face and the purchasers were not obliged to inquire behind it and had no actual notice of any defect. *Id.*

288 Fed. 28, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals reversing a decree of the Supreme Court of Porto Rico which upheld a title by prescription in a suit to set aside a sale of land.

*Mr. Philip N. Jones* for B. Fernandez & Bros., petitioners.

*Mr. Reeves T. Strickland,* with whom *Mr. Felix Cordova-Davila, Mr. Paul J. Christian* and *Mr. Charles T. Tittmann* were on the brief, for respondent.

*Mr. Frederick S. Tyler* and *Mr. Frank Antonsanti,* for Hubadron, petitioner, submitted.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to set aside a sale of land in Porto Rico formerly belonging to the respondents, on the ground that it purported to be made by their testamentary tutor or guardian, and that the sale was void because his appointment had not been recorded in the registry of tutorships, and no bond had been given nor oath taken by him as required by law. The defendants, the petitioners here, relied upon a title by the ordinary prescription of ten years possession under a just title and in good faith, the sale to them having been made more than ten years before this suit was begun. The sale took place under an order of the local District Court having jurisdiction over the minors and over the tutor, but the Circuit Court of Appeals overruling the Supreme Court of Porto Rico held that this was not sufficient to constitute just title, seemingly being of opinion that the purchasers were chargeable with notice that the record would have disclosed the failure of the guardian to satisfy what it regarded as conditions precedent to the exercise of his power. 288 Fed. 28, *sub nom. Ayllon* v. *Gonzalez.* A writ of certiorari was

granted by this Court. [263 U. S. 691.] Of course there is no doubt of our jurisdiction upon certiorari although the respondent seems to have been misled by some decisions upon writs of error. Judicial Code, § 240. We shall assume without argument that the Circuit Court of Appeals also was right in taking jurisdiction on the ground that the value of the land exceeded five thousand dollars and that the title to the land was in issue in this suit. Act of January 28, 1915, c. 22, § 2; 38 Stat. 803, 804.

The decision of the Supreme Court of Porto Rico turned upon local statutes and local traditions. The caution to be used before overruling such decisions was emphasized in a recent case where the action of the Supreme Court was open to greater doubt than here. *Diaz* v. *Gonzalez*, 261 U. S. 102, 106. For here apart from the respect due to the local judgment its reasoning commands our assent. The question is whether the defendants held their possessions under a " just " or " proper " title as it is called indifferently, within the meaning of the law that allows a ten-year prescription in that case in place of the thirty years for which a just title is not required. As remarked by the Porto Rican Court a just title does not mean a perfect title, as otherwise prescription would not be needed. See *United States* v. *Chandler-Dunbar Water Power Co.*, 209 U. S. 447, 450. If the title is good on its face and the possessor under it has no notice of any extrinsic defect, it will found a good title in ten years. The order of sale disclosed no defect, and the Supreme Court held that as it issued from a Court having jurisdiction over the minors and over the tutor, as we have said, the purchasers were not bound to look further. They had no actual notice of the omissions of the tutor, and for the purposes of a possession in good faith that would satisfy the law. They were entitled to assume that all necessary conditions had been fulfilled. We need not consider the further intimation of the Court, also to be respected, that

the failure to register and to give bond did not make the sale void.

*Longpré* v. *Diaz*, 237 U. S. 512, has no bearing on the present case. There the conveyance assailed was made with no semblance of authority, as the parties knew, and it was held that persons holding under a conveyance that was void upon the facts known to them could not be possessors in good faith, and that a judge of first instance had no jurisdiction to validate the sale at a later date. Here the judge had the jurisdiction that we have stated and an order that on its face was a valid exercise of that jurisdiction furnished a proper title to one who believed the facts to be as the order implied.

*Judgment reversed.*