GONZÁLEZ ET AL., PLAINTIFFS AND APPELLEES, *v.* ANGLADA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Revendication.

No. 3206.—Decided February 27, 1925.

PROPERTY OF MINORS — SALE OF MINOR'S PROPERTY — COLORABLE TITLE — COLLATERAL ATTACK—ACTION OF NULLITY—REVENDICATION.—A sale of property of minors made by a guardian under an order of a court with jurisdiction over the persons and the subject-matter that is not void and, therefore, conveys a colorable title can not be attacked collaterally, and even if an action of nullity in Porto Rico be considered a direct attack, the sale can not be annulled by means of such an action simply because the guardian failed to take the oath, give bond or register his appointment.

The facts are stated in the opinion.

*Messrs. F. González Fagundo* and *R. Rivera Zayas* for the appellants.

*Mr. F. Gallardo* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint before us was entitled in "Revendication and other purposes." It set up that a sale by a tutor, although made by judicial sale, was void because said tutor had not taken an oath, given a bond, nor recorded his tutorship in the proper registry. The court rendered judgment for the complainants.

The defendants, despite the fact that the records of the court did not show that the tutor had qualified in any of the three respects mentioned, attempted to prove orally that the said tutor had actually given a bond and taken the required oath. As the court made a direct contrary finding, we do not discover sufficient evidence in the record to say that the court was mistaken. So that we have the case of an attempted nullity of the sale where we are bound to assume as facts that the tutor did not qualify in any of the respects set forth.

The district court very well remarked that it was not the intention of this court by its decision in *Ayllón et al.* v. *González*, 28 P.R.R. 61, to hold that a tutor was not required to take an oath, to give a bond, and properly to record his tutorship. The court below was also right in saying that the said case principally and directly decided from the facts there involved that acquisitive prescription had run in favor of defendants and that they were third persons. However, these matters were not all the questions that were touched upon or involved in the said appeal and decision.

In the instant appeal there is no issue of prescription and no question of third persons. Nevertheless, there are perhaps two principal questions to consider. First, whether a judicial sale may be collaterally attacked, supposing this form of proceeding to be a collateral attack; second, whether after an order of the court obtained for the purpose, the sale made by the tutor was so void and inexistent as to afford no protection for the purchaser at a judicial sale.

Both questions seemingly depend principally on whether or not the purchaser acquired a just or colorable title. That such a just or colorable title existed is settled by our discussion in *Ayllón* v. *González, supra.* We said:

"Likewise there existed an order of the District Court of San Juan authorizing the said tutor to make the sale. This order of the court is the most powerful thing in favor of a just title. It is a matter of justice and common sense that any one seeing an order of a district court having jurisdiction over the minors and over the tutor would assume that the court made its order after satisfying itself that the formalities of the law had been satisfied. The importance of the district court is made more evident when it appears from the decisions that in sales of intestate property or minors' property it is the court, as a sort of a *parens patriae,* by whom the sale is made; that the sale is made rather by public authority than by private transfer. Hence, where the court has jurisdiction of the parties and of the subject-matter, the sale, while voidable, cannot be considered as absolutely void and is sufficient on which to base a just title. The appellees, if they were right in their contention that the appointment and acts of the tutor were voidable, could, we think, have set the sale aside if they had made a direct application to the court at any time within ten years after the date of such sale. Having failed to do so, prescription runs in favor of B. Fernández & Brothers."

In reversing the Circuit Court of Appeals in the same case the Supreme Court of the United States said:

"As remarked by the Porto Rican Court, a just title does not mean a perfect title, as otherwise prescription would not be needed. See United States v. Chandler-Dunber Water Power Co., 209 U. S. 447, 450. If the title is good on its face and the possessor under it has no notice of any extrinsic defect, it will found a good title in ten years. The order of sale disclosed no defect, and the Supreme Court held that as it issued from a court having jurisdiction over the minors and over the tutor, as we have said, the purchasers were not bound to look further. They had no actual notice of the omissions of the tutor, and for the purposes of a possession in good faith that would satisfy the law. They were entitled to assume that all necessary conditions had been fulfilled. We need not consider the further intimation of the court, also to be respected,

that the failure to register and to give bond did not make the sale void." *B. Fernández & Bros., Successors, et al.* v. *Ayllón y Ojeda,* 266 U. S. 144.

We had said in the *Ayllón Case* that we were inclined to believe that the better reason was with the authorities that held that the acts of a tutor who is not qualified are not void but merely voidable, although we would not attempt to analyze the authorities. But the necessary effect of our decision and its affirmance is that the sale so made is at most voidable but not void.

We shall therefore examine some of the authorities to see whether a voidable judicial sale may be collaterally attacked. In 35 Corpus Juris, 111, the following appears:

"Sec. 194.—I. Collateral Attack.—1.—In General.—Proceedings to avoid a judicial sale are collateral, unless brought in the cause in which the decree of sale was rendered or, it has been held, by an action instituted for the purpose of setting it aside. On a collateral attack only the proceedings of the court entered on record can be looked at; the record is conclusive of the truth of the matters therein contained; as to all matters within the jurisdiction of the court the truth of the record cannot be diputed collaterally; and it will be presumed, so far as is consistent with the record, that all steps necessary to the regularity of the proceedings were taken. It has been said in a case of collateral attack that there are but two grounds on which a judicial sale can be held invalid, either a want of jurisdiction in the court ordering it or fraud practiced in effecting it."

We find the text to be supported among other cases by *McGuire* v. *Blount,* 199 U. S. 146; *Maldonado* v. *Preston,* 22 P.R.R. 614–619; *Thompson* v. *Tolmie,* 2 Pet. 156, and cases and citations of the principal cases Rose's notes, vol. 2, p. 692; *Alabama Great Southern R. R. Co.* v. *Hill,* 139 Ga. 222, Ann. Cases 1914 T, 996, 43 L.R.A. (N. S.) 236; *Sprague* v. *Letherberry,* 4 McLean, 442, Fed. Cases 13251; *Seelye* v. *Smith,* 4 So. 664.

In *Beresford* v. *American Coal Co.,* 98 N. W. 902, the court said:

"Any person interested may appear in the probate proceeding and contest the appointment, or may in the same manner have an improper appointment revoked; but to allow every person who may be sued by an administrator to go behind the letters of authority and object to the bond given, or to plead any other defect which does not go to the jurisdiction of the court making the appointment, would be to involve litigation in a hopeless confusion of collateral issues (citing cases). An objection to the sufficiency of the administrator's bond does not raise a jurisdictional question. The authority of the court to appoint does not rest upon the bond. That is a question going only to the manner of qualifying under an appointment already made, and not to the validity of the appointment. Even the entire absence of bond and oath of office has been held insufficient to sustain such attack (citing cases)."

In the *Ayllón Case, supra,* we likened the proceeding of a sale by a tutor to a sale by an executor or administrator and in 24 C. J. 316, it is said that such a sale is not subject to collateral attack.

Similarly, 24 C. J. 665 *et seq.,* 11 R.C.L. 57 *et seq.,* to the effect that failure to give bond only makes proceedings voidable. See also 28 C. J. 1196, note 4, Tit. Guardian & Ward, 28 C. J. 1200 *et seq.; Thaw* v. *Ritchie,* 136 U. S. 519; *Simmons* v. *Saul,* 138 U. S. 455.

These considerations, we think, also appear in the reasoning of the U. S. Supreme Court in the *Ayllón Case.*

*Solá* v. *Castro et al.,* 32 P.R.R. 740, was a case wherein the defect was jurisdictional, but we reviewed the authorities to show that mere irregularities could only be reached by direct attack in the same proceeding.

Supposing, however, that an action of nullity in Porto Rico might be considered as a direct attack, we are still of the opinion that the judgment should be reversed. It is true that in *Ayllón* v. *González, supra,* we intimated that the sale there might have been set aside if direct proceeding had been begun to that effect. This pronouncement was not a necessary part of our judgment and opinion and such a holding is applicable to sales which are very irregularly

made and apparently not at all to cases where it is sought to attack a voidable appointment of a tutor.

We are now of the opinion that where the court had jurisdiction over the persons and the subject matter, a sale of infant's property cannot be set aside merely because the tutor has not qualified or recorded his tutorship. The same line of reasoning that availed to sustain a just title is applicable to the present situation. A person buying ought not to look beyond the decree of the court having jurisdiction over the parties and the subject matter. *Davis v. Gaines,* 104 U. S. 391, cited in *Ayllón v. González, supra,* was a case that came up from Louisiana. A first will had been probated and Myra Clark claimed under another will. The defendants took under a probate sale by virtue of the first will. The court held that a sale by order of a probate court was a judicial sale; that such sales were protected by the rule that a title acquired at a decretal sale of lands made by a court in the exercise of competent jurisdiction was not rendered invalid by the reversal of the decree. In the cited case of *Gray v. Brignardello,* 1 Wall. 627, 634, the court said in *pari materia* that it was sufficient for the buyer to know that the court had jurisdiction and exercised it and that the order on the faith of which he purchased was made, and authorized the sale. In *McCullough v. Miner,* 2 La. Ann. 466, also cited in *Davis v. Gaines,* the court held that a *bona fide* purchaser at a judicial sale was protected by the decree and need not look beyond it, citing other cases. Other cases to the same general effect are *Thompson v. Tolmie, supra; Succession of Hebrard,* 18 La. Ann. 494; *Succ. of Lehmann,* 41 La. Ann. 987; *Webb v. Keller,* 39 La. Ann. 55, 24 C. J. 668, 28 C. J. 1201. In *Webb v. Keller, supra,* it was held, citing cases, that the purchaser at a sale made under an order of the probate court, which is a judicial one, is not bound to look beyond the decree recognizing its necessity. "He must look to the jurisdiction of the court, but the truth of the record, concerning matters

within its jurisdiction cannot be disputed." Of course, the opinion was assuming that the court ordering the sale had jurisdiction. Some of the cases cited to show that a sale cannot be collaterally attacked are also applicable.

The judgment must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.