GONZÁLEZ ET AL., DEMANDANTES Y APELADOS, *v.* ANGLADA ET AL., DEMANDADOS Y APELANTES.

No. 3206.—*Visto:* Abril 3, 1924. *Resuelto:* Febrero 27, 1925.

VENTA DE BIENES DE MENORES—ORDEN JUDICIAL—JUSTO TÍTULO—ATAQUE COLATERAL—ACCIÓN DE NULIDAD—IRREGULARIDADES.—Una venta de bienes de menores hecha por un tutor en virtud de orden de una corte con jurisdicción sobre las personas y la materia, que no es nula y, por consiguiente, transmite un justo título, no puede ser atacada colateralmente, y aun si se considera **que la acción ·de nulidad en ·Puerto Rico es un ataque directo no puede ser** anulada mediante tal acción simplemente porque el tutor haya dejado de **prestar juramento, dar fianza e inscribir su nombramiento.**

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, sin costas. *Revocada, desestimándose la demanda.*

*F. González Fagundo* y *R. Rivera Zayas,* abogados de los apelantes; *F. Gallardo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demanda ante nuestra consideración se titulaba de reivindicación y otros extremos. Alegaba que una venta celebrada por un tutor, aunque hecha por venta judicial, era nula toda vez que dicho tutor no había prestado juramento, dado fianza ni inscrito su nombramiento en el debido registro. La corte dictó sentencia a favor de los demandantes.

Los demandados, no obstante el hecho de que no constaba de los récords de la corte que el tutor hubiera cumplido con ninguno de los tres requisitos mencionados, pretendieron probar oralmente que el referido tutor realmente había prestado una fianza y tomado el juramento exigido. Como la corte llegó a una conclusión enteramente contraria, no encontramos prueba suficiente en los autos para decir que la corte estuvo equivocada. De modo que tenemos el caso de una pretendida nulidad de la venta, donde estamos obligados a asumir como hechos que el tutor no cumplió con ninguna de las formalidades especificadas.

La corte de distrito dijo muy acertadamente que no fué la intención de este tribunal en su decisión en el caso de *Ayllón et al.* v. *González,* 28 D.P.R. 67, resolver que un tutor no estaba obligado a prestar juramento, dar fianza, e inscribir debidamente su nombramiento de tutor. La corte inferior también tuvo razón al decir que en dicho caso se resolvía principal y directamente, en vista de los hechos allí envueltos, que la prescripción adquisitiva había corrido a favor de los demandados y que ellos eran terceros. Sin embargo, éstas no fueron todas las cuestiones tratadas o envueltas en dicha apelación y decisión.

En la presente apelación no hay cuestión litigiosa de prescripción ni de terceros. Sin embargo, hay tal vez dos cuestiones principales a considerar. Primera, si una venta judicial puede ser atacada colateralmente, suponiendo que esta forma de procedimiento sea un ataque colateral; segunda, si después de una orden de la corte obtenida con tal fin, la venta hecha por el tutor era de tal modo nula e inexistente que no protege de modo alguno al comprador en una venta judicial.

Ambas cuestiones dependen, al parecer, principalmente de si adquirió o nó el comprador un título justo o aparente. Que existía tal título justo o aparente, está resuelto por nuestra discusión en el caso de *Ayllón* v. *González, supra.* Allí dijimos:

". . . . Asimismo existía una orden de la Corte de Distrito de San Juan autorizando al referido tutor para hacer la venta. Esta orden de la corte es la cosa más poderosa a favor del justo título. Es cuestión de justicia y de sentido común que cualquier persona que ve una orden de una corte de distrito que tiene jurisdicción sobre los menores y el tutor, supondría que la corte dictó su orden después de convencerse de que se habían cumplido las formalidades exigidas por la ley. La importancia de la corte de distrito resulta más evidente cuando aparece de las decisiones que en las ventas de bienes de finados o de menores es la corte, haciendo las veces de *parens patriae* por qui *,n* se hace la venta; que dicha venta se verifica más bien por la autoridad pública que por el traspaso de un particular. Por consiguiente, cuando la corte tiene jurisdicción de las partes y de la materia objeto de la controversia, la venta, aunque anulable, no puede ser considerada como absolutamente nula y es suficiente para basar en ella un justo título. Si tuvieran razón los apelados en la alegación que hacen de que el nombramiento y actos del tutor eran anulables creemos que pudieran haber obtenido la nulidad de la venta de haber hecho una solicitud directa a la corte en cualquier momento dentro de los diez años después de la fecha de la referida venta. No habiéndolo hecho así, la prescripción corre a favor de B. Fernández y Hermanos."

La Corte Suprema de los Estados Unidos (69 L. ed. 97) al revocar la sentencia de la Corte de Circuito de Apelaciones (288 Fed. 28) en el mismo caso se expresó así:

"Como indicó la Corte de Puerto Rico, un justo título no significa un título perfecto, pues de otro modo la prescripción no sería necesaria. Véase el caso de los Estados Unidos v. Chandler-Dunbar Water Power Co., 209 U.S. 447, 450. Si el título es válido por su faz y el que posee a virtud del mismo no tiene noticia de ningún defecto extrínseco, sostendrá un título válido después de diez años. La orden de venta no revelaba ningún defecto, y la Corte Suprema resolvió que como había sido librada por una corte con jurisdicción sobre los menores y el tutor, según hemos dicho, los compradores no estaban obligados a ir más lejos. Ellos no tenían ningún conocimiento real de las omisiones del tutor, y para los fines de una posesión de buena fe eso sería bastante para cumplir con la ley. Ellos tenían derecho a asumir que todas las condiciones necesarias habían sido cumplidas. No es preciso que consideremos la otra indicación

de la Corte, que también ha de ser respetada, de que la omisión de inscribir y no prestar fianza no hace nula la venta."

Habíamos dicho en el caso de Ayllón que estábamos inclinados a creer que la mejor razón estaba de parte de las autoridades que sostienen que los actos de un tutor que no está calificado (*qualified*) no son nulos, sino meramente anulables, aunque no trataríamos de analizar las autoridades. Pero el efecto necesario de nuestra decisión y su confirmación es que la venta así hecha es a lo sumo anulable y no nula.

Examinaremos, por tanto, algunas de las autoridades a fin de ver si una venta judicial anulable puede ser atacada colateralmente. En el tomo 35 de Corpus Juris, pág. 111, aparece lo siguiente:

"Sección 194. I.—Ataque Colateral.—1. En General. Los procedimientos para anular una venta judicial son colaterales, a menos que se sigan en el pleito donde la orden de venta fué dictada o, como se ha resuelto, mediante una acción establecida para dejarla sin efecto. En un ataque colateral sólo pueden ser considerados los procedimientos de la Corte que han sido registrados; el registro es concluyente de la verdad de los asuntos en él contenidos; en cuanto a todas las cuestiones dentro de la jurisdicción de la corte, la verdad del récord no puede ser disputada colateralmente; y se presumirá, en tanto sea compatible con el récord, que se tomaron todas las medidas necesarias para la regularidad de los procedimientos. Se ha dicho en un caso de ataque colateral que sólo hay dos fundamentos por los cuales puede ser declarada nula una venta judicial: o por falta de jurisdicción de la corte que la ordena, o por fraude cometido al celebrarla."

Encontramos que dicho precepto está sostenido, entre otros casos, por los de *McGuire* v. *Blount*, 199 U.S. 146 (50 L. ed. 125); *Maldonado* v. *Preston*, 22 D.P.R. 659; *Thompson* v. *Tolmie*, 2 Pet. 156 (7 L. ed. 381), y casos y citas de los casos principales en notas de Rose, tomo 2, pág. 692, *Alabama Great Southern R. R. Co.* v. *Hill*, 139 Ga. 222, Ann. Cases 1914-T 996, 43 L.R.A. (N.S.) 236; *Sprague et*

*al.* v. *Letherberry,* 4 McClean 442, Fed. Cases 13251; *Seelye*
v. *Smith* (85 Ala. 25), 4 So. 664.

En el caso de *Beresford* v. *American Coal Co.,* (124 Iowa
34) 98 N.W. 902, la corte se expresó así

"Cualquier persona interesada puede comparecer en el procedi-
miento de testamentaría (probate), e impugnar el nombramiento, o
puede de igual modo hacer que se revoque un nombramiento inde-
bidamente hecho; pero el permitir a toda persona que pueda ser
demandada por un administrador que se extralimite en su autoridad
y oponga a la fianza prestada, o alegue cualquier otro defecto que
no afecte a la jurisdicción de la Corte que hace el nombramiento,
sería envolver los litigios en una confusión irremediable de cuestio-
nes litigiosas colaterales (se citan casos). Una objeción a la sufi-
ciencia de la fianza del administrador no levanta una cuestión ju-
risdiccional. La autoridad de la corte para nombrar no descansa
en la fianza. Esa es una cuestión que sólo afecta al modo de entrar
en posesión de un cargo por virtud de un nombramiento ya hecho,
y no a la validez del nombramiento. Se ha resuelto que hasta la
falta total de una fianza y juramento del cargo es insuficiente para
sostener tal ataque (se citan casos)."

En el caso de Ayllón, *supra,* comparamos el procedi-
miento de una venta por un tutor a una venta hecha por un
albacea o administrador, y en él tomo 24 de Corpus Juris,
página 316, se dice que tal venta no está sujeta a ataque
colateral.

En igual sentido se pronuncia C. J. tomo 24, páginas,
665 y siguientes y 11 R.C.L. 57 y siguientes, donde se esta-
blece que el dejar de prestar fianza sólo hace anulable el pro-
cedimiento. Véase también a 28 C.J. 1196, nota 4, Tit.
"Guardian and Ward," 28 C.J. 1200 y siguientes; *Thaw* v.
*Ritchie,* 136 U.S. 519 (34 L. ed. 531); *Simmons* v. *Saul,* 138
U.S. 455 (34 L. ed. 1054).

Creemos que estas consideraciones constan también en el
razonamiento de la Corte Suprema en el caso de Ayllón.

*Solá* v. *Castro,* 32 D.P.R. 804, fué un caso donde el de-
fecto era jurisdiccional pero revisamos las autoridades para

demostrar que a las meras irregularidades sólo podía llegarse mediante ataque directo en el mismo procedimiento.

Suponiendo, sin embargo, que una acción de nulidad en Puerto Rico podría considerarse como un ataque colateral, somos, no obstante, de opinión de que la sentencia debe revocarse. Es cierto que en el caso de *Ayllón* v. *González, supra,* indicamos que la venta allí hecha pudo haberse dejado sin efecto de haberse establecido un procedimiento directo en ese sentido. Este pronunciamiento no era parte necesaria de nuestra sentencia y opinión y tal criterio es aplicable a las ventas hechas muy irregularmente y al parecer no lo es en absoluto a los casos en los cuales se trata de atacar un nombramiento anulable de un tutor.

Somos ahora de opinión de que cuando la corte tuviere jurisdicción sobre las personas y la materia objeto de la acción, una venta de bienes de un menor no puede ser anulada simplemente porque el tutor no esté calificado ni inscrita su tutela. La misma norma de razonamiento que sirvió de base para sostener un justo título es aplicable a la presente situación. Una persona que compra no debe mirar más allá de la orden dictada por la corte con jurisdicción sobre las partes y la materia objeto de la acción. *Davis* v. *Gaines,* 104 U.S. 391 (26 L. ed. 757), citado en el de *Ayllón* v. *González, supra,* fué un caso que procedía de Louisiana. Un primer testamento había sido sometido a la corte de testamentaría y Myra Clark alegaba su derecho de acuerdo con otro testamento. Los demandados adquirieron de conformidad con una venta ordenada por la corte de testamentaría por virtud del primer testamento. La corte resolvió que una venta hecha por orden de una corte de testamentaría era una venta judicial: que tales ventas estaban protegidas por la regla de que un título adquirido en una venta judicial de terrenos ordenada por una corte en el ejercicio de su debida jurisdicción no quedaba anulada por la revocación del decreto. En el caso citado de *Gray* v. *Brignardello,* 1 Wall 627, 634 (17 L. ed. 692), la corte dijo

*in pari materia* que era suficiente con que el comprador supiera que la corte tenía jurisdicción y la ejercitaba y que la orden por virtud de la cual él compró fué dictada y autorizada la venta.     En el caso de *McCullough* v. *Minor*, 2 La. Ann. 466, también citado en *Davis* v. *Gaines*, la corte resolvió que un comprador de- buena fe en una venta judicial estaba protegido por el decreto y no tenía que ir más allá del mismo, citándose otros casos.     Otros casos al mismo efecto general son los de *Thompson* v. *Tolmie, supra; Succession of Hebrard*, 18 La. Ann. 494; *Succ. of Lehmann* 41 La. Ann. 987 (7 So. 33); *Webb* v. *Keller*, (1 So. 423) 39 La. Ann. 55, 24 C.J. 668, 28 C.J. 1201.     En el caso de *Webb* v. *Keller, supra*, se resolvió, citándose otros casos, que el comprador en una venta hecha por virtud de una orden de una corte de testamentaría que es una judicial, no está obligado a ir más allá del decreto que reconoce su necesidad.     "El debe fijarse en la jurisdicción de la corte, pero la certeza de los autos, referentes a cuestiones que están dentro de su jurisdicción, no puede ser disputada."     Desde luego la opinión asumía que la corte que ordena la venta tenía jurisdicción. Algunos de los casos citados para demostrar que una venta no puede ser atacada colateralmente son también aplicables.

*Debe revocarse la sentencia y desestimarse la demanda.*