RENÉ CINTRÓN PARRA, Plaintiff and Appellant, *v.* YABUCOA SUGAR COMPANY, Defendant and Appellee.

No. 4841. Argued March 26, 1930.—Decided July 22, 1931.

*Feliú & La Costa* for appellant. *González Fagundo & González Jr.* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

To sum up the facts, it would appear that on the 21st day of November, 1885, Isabel Parra y Capó de Cintrón acquired by inheritance mortgage credits, one of them then alleged to be an encumbrance on a piece of property the object of the revendicatory action before us. In a mortgage foreclosure proceeding, the said property was adjudicated to Isabel Parra y Capó. Due records were made in the registry of property. At the time of the acquisition of the mortgage credit, Isabel Parra y Capó was married to Zoilo Cintrón y Cintrón. She died on the 21st day of February, 1896, and her sole heir, supposing her husband to be excluded, was her son, René Cintrón Parra, the plaintiff in this case. Some of the property acquired by doña Isabel was sold, and the property involved in this suit amounts to 172.85 acres. In 1907, when the plaintiff was about eleven years of age, his father began a proceeding of utility and necessity in the District Court of Ponce, asking judicial authorization to sell the share that such minor possessed in the said property, and on the 16th of March, 1907, the District Court of Ponce authorized the sale.

It would appear from various documents in the record that Zoilo Cintrón y Cintrón claimed one-half of the property by inheritance from his wife rather than as conjugal property. In any event, it was clear that he was seeking to be authorized to sell one-half of the property as belonging to his son as heir of his mother. The property was sold as a whole to Rafael Fabián, who in turn sold it to the Yabucoa Sugar Company, the defendant in this case. In its answer, the defendant set up the four-years' prescription under section 1268 of the Civil Code and the acquisitive prescription under section 1858 of the Civil Code. Of course, under section 1268 invoked by the court certain muniments of title would have to be destroyed before the action of revendication could prevail, and hence the four-years' limitation of actions would have been applicable.

The court based its decision principally on the ground of acquisitive prescription. The court had no doubt, however, that the privative character of the property appeared from the registry, even though it was not specifically so characterized.

It transpired that the sale from Cintrón to Fabián or from Fabián to the Yabucoa Sugar Company, or both, could not be recorded. The appellant maintains that the property could not be recorded because it stood in the name of Isabel Parra y Capó. However that may be, the fact remains that the Yabucoa Sugar Company began, obtained, and successfully recorded a dominion title to the same property.

The court held that there was no defect of form in the proceeding to obtain a dominion title. The appellant maintains that there were a number of defects. The court, however, thought that it was necessary to determine whether the Yabucoa Sugar Company had a prescriptive dominion title founded on ten-years' possession in good faith and with a just title. We find it unnecessary to consider the defects of form in the dominion title, because the whole case in any aspect depends upon whether Rafael Fabián and his purchaser had a just title, and this just title, good faith, and prescription may be proved whether the dominion title is or is not good. The appellee on the other hand places some force on the validity of judicial proceedings and the jurisprudence of this Court in the cases of *González et al.* v. *Anglada et al.*, 33 P.R.R. 980; *Ayllón et al.* v. *González et al.*, 28 P.R.R. 61; *Fernández & Bros.* v. *Ojeda,* 266 U. S. 144, and others.

So far as a purchaser in a judicial proceeding is protected by these decisions, they simply mean or hold that all sorts of defects that might have caused the nullity of the said proceeding can not prevent the rise of a just title. Such cases can not be applied in opposition to the Mortgage Law itself and the constructive notice flowing from previous independent records. If the privative title of Isabel Parra

y Capó was necessarily apparent from the registry, under section 33 of the Mortgage Law the inscription of any legal title not directed against or modifying the previous record was unavailing. So far as the appellant is concerned, at the death of his mother he was the owner of the whole title to the property, and his father had no claim thereto. Nevertheless, the said son and heir was in fact entitled to one-half of the property as well, on the theory that the greater includes the less. So that the father had the colorable right apparently to come in court and ask for a sale of one-half of the property on the principle of utility and necessity. Perhaps if the theory under which Zoilo Cintrón y Cintrón claimed the property or ascribed it to his son was drawn to the attention of the court, it might properly have refused to proceed because the theory was not a true reflection of the facts as they existed. Nevertheless, as the whole property did in fact belong to the son and heir, his father had a right to obtain permission from the court to sell half of it, and this was enough on which to found a just title even though no perfect title could have arisen at the time.

When it comes, however, to the portion conveyed by Zoilo Cintrón in his own name, there is no possibility of claiming a just title. The privative character of the property we find and hold appeared clearly from the registry. Fabián and the Yabucoa Sugar Company by constructive notice were bound to know that Zoilo Cintrón had no title. He specifically waived all right to the usufruct, if any he had. The proceedings to sell the one-half interest of the son were colorable. No color of title arose in the father.

We consider it clear, therefore, that it was unnecessary to obtain the nullity of any of the recorded proceedings because the plaintiff had a clear right of revendication of one-half of the property. *Oliver* v. *Oliver*, 23 P.R.R. 168. Hence, the prescription of four years did not apply.

We think we have covered directly or indirectly all the assignments of error save one, and that is with respect to

the claim made that the answer admitted certain averments of the complaint. The appellee says that this question was not sufficiently raised in the court below and perhaps it was not. The court and the appellee think that the answer sufficiently raised the defense, but we shall not stop to inquire whether they are right. The principal issue waged in the court below was whether the defendant had or had not a just title, and this was sufficiently raised, or we should consider the answer amended, in accordance with the jurisprudence of this Court and of California. The defense of acquisitive prescription was sufficiently and directly alleged.

The judgment appealed from should be reversed and another rendered whereby the plaintiff be adjudged to obtain one-half of the property, the object of the suit, along with the fruits thereof in accordance with the law.