## STATE *vs.* PRENDERGAST.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

In an action against bail or a surety in a recognizance for the appearance of the accused at the *first* term thereafter : *Held*, that where the principal afterwards appears, is tried and acquitted, or a *nolle prosequi* is entered before judgment on the bond for the forfeited penalty, or failure to appear at the first term, the bail is discharged.

So, if while a motion is pending in court, to obtain judgment against the bail on his recognizance, the accused not having appeared, the district attorney enters a *nolle prosequi*, as to him, the bail is thereby exonerated.

This is a proceeding on a bail bond by the district attorney, against Thomas Prendergast, to render him liable for the forfeiture and penalty thereof, on account of the non-appearance of the principal.

On the 28th January, 1835, the defendant signed a <span>EASTERN DIST.<br>*May*, 1837.</span> recognizance or bail bond, with one James C. Crain, for the appearance of the latter *at the next term* of the court, in the <span>STATE<br>*vs.*<br>PRENDERGAST.</span> penalty of one thousand dollars.

The principal in the bond not appearing on the 13th January, 1836, the district attorney gave notice to the defendant, that he should move against him according to law, as the surety of J. C. Crain, in a bail bond, for judgment in the sum of one thousand dollars, on the ground that the conditions of said bond have been broken by the failure of Crain to appear at court in pursuance thereof, &c.

At the June term of the court, and on the 16th day of June, 1836, the district attorney, with leave of the court, entered a *nolle prosequi*, as respects Crain. On the 22d June, judgment was signed against the defendant for the penalty in the bail bond, from which he appealed.

The case was submitted to the court, by *A. N. Ogden, Esq.* for the appellant.

*Bullard, J.*, delivered the opinion of the court.

The defendant is appellant from a judgment pronounced against him as surety for one Crain, to appear and answer to a criminal charge, preferred against him by indictment.

His counsel contends that the proceeding was irregular, and not in conformity to the provisions of the act of 1835, page 219.

We have carefully examined the evidence, and it appears that the final judgment from which the present appeal has been taken, was signed on the 22d June, 1836. The minutes of the court show, that on the 16th of the same month pending the motion against the bail, the district attorney, with the leave of court, entered a *nolle prosequi* in the case of the State *vs.* Crain, the principal in the bond.

In the case of the State *vs.* Hay et al., this court held, that when the principal is tried and acquitted before judgment for the recovery of the forfeited penalty, on failure to appear at the first term, the bail is discharged ; and in the

<span>In an action against bail or a surety in a recognizance for the appearance of the accused at the *first* term thereafter: *Held*, that where the principal afterwards appears, is tried and acquitted, or a *nolle prosequi* is entered before judgment on the bond for the forfeited</span>

EASTERN DIST. *May,* 1837.

case against Dunbar et al., we held that the appearance of the accused before judgment against the bail, and the entering of a *nolle prosequi,* exonerated the bail. 7 *Louisiana Reports,* 78, and 10 *Louisiana Reports,* 99.

After the entering of the *nolle prosequi,* the bail could not obtain the assistance of the court to arrest the traverser, because there no longer existed any legal ground for his arrest; it is, in relation to the bail, as if the principal had been tried and acquitted. His failing to appear either at the first or second term, did not amount to an absolute forfeiture of the penalty, and the defendant had still a right to exonerate himself, by producing the body of the accused, at any time before final judgment on the recognizance. This he was prevented from doing, by the State desisting from the prosecution.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and ours is for the defendant.