Beard, Tutor, v. Morancy.

3r 119,
46 1256.

JAMES BEARD, Tutor, *v.* EMILIUS MORANCY.

The advice of a family meeting is not necessary, to authorize the institution of a suit by a tutor to recover real estate belonging to his ward.

An instrument, signed by a parish judge alone, purporting to be the *procès-verbal* of the sale of real estate belonging to a succession, which recites that the sale was made in pursuance of a decree of the Court of Probates in which the succession was opened, and of the advice of a family meeting, is insufficient to establish the existence of the decree.

The decree of the Court of Probates where the succession is opened, made in conformity to the advice of a family meeting, is necessary to authorize the sale of property belonging to minor heirs; and where such a decree has been made, the court will not look beyond it.

Property of certain minor heirs having been sold by the parish judge, was afterwards seized under an execution by a creditor of the purchaser. The tutor of the heirs opposed the payment of the proceeds of the sale to the creditor, claiming a vendor's privilege for the price yet due, and setting up a mortgage given to secure the payment. In an action subsequently commenced by him, on behalf of the minors, against the syndic of the purchaser, to recover the land : *Held*, that his opposition to the payment of the proceeds to the seizing creditor, could not preclude the minor heirs from claiming the land itself.

THE tutor of the minor heirs of Samuel Clare is appellant from a judgment of the District Court of Carroll, *Curry*, J., recognizing the validity of a sale of the tract of land in dispute, made by the parish judge of Ouachita, and rejecting the claims set up by the heirs.

*Garrett*, for the appellant.

*Bemiss* and *Dunlap*, contra.

BULLARD, J. This is a petitory action, in which the plaintiff, as tutor of the minor heirs of Clare, asserts title to a tract of land containing about one hundred and sixty acres, which, he alleges, was the property of their father at his decease, and of which they have never been divested. The original defendant, Morancy, disclaimed title, and alleged himself to be the lessee of one Mitchell, who, he prayed, might be made a party in his place. Mitchell came in and pleaded, and caused his warrantor, W. B. Minor, to be cited, who also answered. Minor avers that he took possession lawfully, and with just and sufficient titles, as will more fully appear by reference to the *procès-verbal* of a sale of the lot of land now sued for, made in pursuance of a decree of the Court of Probates of the parish of Ouachita, on the 4th of February, 1837, which is filed. He further pleads the prescription of five years, under the act of the Legislature relative to advertisements, approved on the 10th of March, 1834. There is a further plea to the jurisdiction of the court, which has been waived.

It appears that both parties claim under Samuel Clare ; the plaintiff's wards as his minor heirs, and the defendant under an alleged sale by virtue of a decree of the Court of Probates, by which the title of the heirs was divested. The title of Clare, therefore, is admitted, and the heirship of the minors having been shown, the only question is, whether their title has been legally divested. We lay out of view the exception to the want of authority in the

tutor to institute this suit, believing that the advice of a family meeting is not necessary to authorize the institution of such an action as the present.

The defendant exhibits as evidence of his title, a document purporting to be a *procès-verbal* or certificate of the judge of the parish of Ouachita, in which he recites that, in pursuance of an order of the Court of Probates in and for said parish, and the order of a family meeting directing the sale of the land and stock of cattle belonging to the succession of Samuel Clare, deceased, he had proceeded to sell the tract of land, designated by lot or quarter section No. 37, in township No. 18, Range No. 13 east, containing 160 acres, after due advertisements, on the terms prescribed by the family meeting, when William B. Minor became the purchaser, &c.; and the parish judge proceeds to bargain, sell, transfer, and set over to the purchaser the said tract of land. This *procès-verbal* is signed by the parish judge alone, without witnesses or vendee, although it is said, in the body of the instrument, to be signed by the purchaser and witnesses.

It cannot be conceded that the recital in this instrument, that the sale was made in pursuance of a decree of the Court of Probates, is sufficient, *per se*, to establish the existence of such decree. It is not pretended that any part of the records have been lost or destroyed, and no evidence is given to show the purport of that decree, or its former existence. The judge who made the sale, and signed the *procès-verbal*, was examined as a witness. He does not say positively that such a judgment existed, but only that he does not positively recollect, as it relates to the particular order, whether he rendered the order, as parish judge, for the sale of the land, but that he is satisfied he never made a sale without an order of the Probate Court having been rendered. It appears that no such decree exists in the records at Ouachita, nor in those of the parish of Carroll, which was detached from that parish, and in which the land is situated. We are of opinion that there is no legal evidence of the existence of a judgment ordering the sale of the land of the minors, and that without such decree their title is not divested. It is true that, if we were satisfied of the existence of such a judgment, we should not look beyond it; but the defendant fails in making ou this title, unless he shows the

authority of the parish judge to make the sale ; and that authority must be a decree of the Court of Probates, conformable to the advice of a family meeting.    13 La. 436.    16 La. 440.

It has been urged in argument, on the authority of *Graham's Heirs* v. *Gibson*, 17 La. 148, that the District Court is without jurisdiction to inquire into the proceedings of the Court of Probates.   The two cases are widely different.   In that, it was alleged that the order or decree of the Court of Probates was illegal ; in this, the existence of any order is denied ; in that, the District Court was called upon to go behind the judgment of the Court of Probates, and to annul or disregard it ; in this, on the contrary, the plaintiff sets up an original title, and calls in question no order or decree of the Court of Probates, but insists that without proof of such decree, the defendant has no legal title, and that theirs is not divested.

The fact that Beard, as tutor, intervened in a suit, and claimed for his pupils a mortgage and vendor's privilege on this land, after it had been sold at the suit of Fowler, does not, in our opinion, preclude the minor heirs from claiming the land itself.

Upon the whole, we are of opinion that the minors are entitled to recover the land ; but the case must be remanded for further proceedings, as between the defendant and warrantors, and as it relates to fruits and improvements.

It is, therefore, decreed, that the judgment of the District Court be reversed, and that the minors recover the tract of land described in the petition ; and it is further ordered, that the case be remanded for further proceedings as between the defendant and the minors, in relation to fruits and improvements, and as to all questions between the defendant and the warrantors ; in the mean time no writ of possession is to issue.  The appellees to pay the costs of this appeal ; reserving to the defendant the right of claiming what has been paid of the price of the land to the tutor of the minors.