## McCullough et al. v. Minor, Executor.

In an action for the partition of a succession, the absent heirs are properly represented by a curator.  C. C. 1129, 1238.

A *bonâ fide* purchaser at a judicial sale is protected by the decree.  He is not bound to look beyond it.

Uninterrupted possession, under a just title, for more than ten years, of property purchased at the sale of the effects of a succession, is sufficient to prescribe against the claims of the heirs.  C. C. 1024.

For the purposes of prescription, successions now represent, as they did under the Code of 1808 and the Roman law, the person of the deceased, so long as the heirs fail to assert their rights.

APPEAL from the District Court of Concordia, *Farrar,* J.   The facts of this case are stated in the opinion of the court, *infra.*

*Frost,* for the plaintiffs.   The land sued for did not belong exclusively to the succession of *Joseph Harrison.*   One half belonged to his wives; and no partition could be made without making their heirs parties, by the appointment of curators for the express purpose.   C. C. art. 1291.   The heirs should be cited, not the administrator.   C. P. 1024, 1025.   Even the names of the absent heirs are not given; nor was the counsel of the absent heirs cited.   Prescription cannot be urged against the successions of the wives.  *Calvit* v. *Mulhollan,* 12 Rob. 261.

*Thomas,* on the same side.   The decree under which defendants claim was a nullity.   The number and names of the parties between whom the partition was to be made do not appear in the decree.   C. C. 1252.   In matters of partition, the order for a sale is the complement of the decree for a partition, and without such a decree is a nullity.   Prescription did not run against such of the plaintiffs as were minors, and the claims of such of them as were non-residents could only be prescribed by twenty years.   C. C. 3440, 3442.

*Prentiss,* also appeared for the plaintiffs.

*Shaw, Lawrence, R. N.,* and *A. N. Ogden,* for the defendant.   The judgment ordering the sale was rendered in strict pursuance of all the forms of law.   C. C. 1129, 1238.   The curator of absent heirs was the proper person, and the only proper person, to sue or be sued for a partition.   The judgment recites that the curator was present, and that it was rendered contradictorily with him.   This is evidence of the fact; and it is every day's practice in our courts, when the defendant appears in open court and consents to judgment being rendered against him, to enter it up without any thing appearing on the record, but the mention of the fact in the judgment, which ought to be the highest evidence of it.   On this point we cite the cases of *Brainard* v. *Francis,* 2 Mart. N. S. 150.   *Dangerfield's Executors* v. *Thurston's Heirs,* 8 Ib. N. S. 236.   *Hubbel* v. *Clannon,* 13 La. 496.   On the subject of the partition, we refer also to articles 1246, 1251, 1252, 1261, 1262, 1230, 1234, 1238, 1130, 1146, 1147, 1148.   The jurisdiction of the Probate Court which ordered this sale, is established by art. 923 of the Code of Practice.

It is contended that the counsel for absent heirs was not cited, and that to make it a legal sale, he should have been a party.   Art. 1238 of the Code declares that the curator for absent heirs is the proper person to be sued for a partition, and there is no law requiring that the counsel for absent heirs should be cited.   Art. 1157, which requires the counsel of absent heirs to be notified, refers expressly to the case where the curator himself provokes the sale for the payment of debts.   Although, therefore, it was not necessary that he should be notified, yet, in this case, it was done.   The judgment recites that it was rendered contradictorily with him; his name is signed to the inventory and appraisement, and the accounts of the parish judge and the curator, in the proceedings, show that a charge was made and paid, for his services, at that very audience.   Art. 1213 of the Civil Code provides the mode in which proof shall be received of the services rendered by the counsel of absent heirs, and author-

ises the judge to grant compensation, on the proof being made.  It must there-  <span style="float:right">McCullough</span>
fore be presumed, that this proof was then made.   The sale was a judicial one,    <span style="float:right">v.</span>
and as the parish judge was, *ex officio*, judge of probates and auctioneer, the objec-  <span style="float:right">Minor.</span>
tion taken, that it was made by the parish judge, is entitled to no weight what-
ever.   In the case of *Lallane's Heirs* v. *Moreau*, 13 La. 433, it was decided
that " sales directed by the Court of Probates are judicial sales, and the pur-
chaser is protected by the decree ordering them."   The same principle has
been frequently decided.   See *Poultney's Heirs* v. *Cecil*, 8 La. 321.   *Beale* v.
*Walden*, 11 La. 68.   According to these well settled principles, if there had
been irregularities preceding this judicial sale, the purchaser would not have
been affected by them.

In the present case, however, both the curator of absent heirs, and the coun-
sel for absent heirs, were parties to the judgment ordering the sale.   An inven-
tory and appraisement of the estate had been previously made; the property
was sold for a larger amount than the appraisement, and the price paid over to
the curator, who had qualified in every respect according to law; and the title of
the defendant ought to be considered free of all doubt or difficulty whatever.
The defendant's title is also supported by the prescription of ten years; more
than ten years having elapsed after the sale and delivery of possession, before
the institution of this suit; and the heirs may well be considered to have acqui-
esced in the sale, when they permitted the price to be paid over to the curator,
and took no steps for more than ten years to impeach the sale.   The defendant
has made out a perfect title to the land in controversy; but this is a petitory
action, in which the plaintiffs must make out title in themselves.

The judgment of the court was pronounced by

Eustis, C. J.   This is a suit to recover a tract of land in the parish of Con-
cordia, formerly belonging to *Joseph Harrison*, deceased.   The suit is brought
by his heirs, and those of his first and second wives.   By the first he had chil-
dren; by his second wife he had no issue.   The answer sets up title in the de-
fendant's testator, under a sale made by the Court of Probates, on the 3d of
February, 1834.

It appears that a curator of the absent heirs of the succession of *Joseph Har-
rison* was appointed by the Court of Probates of Concordia, and that, in a suit
for a partition brought by an heir present against the curator, a decree was
rendered ordering the land in question to be sold, which was accordingly done,
and the defendant's testator became the purchaser for $12,000, which was paid
to the curator.

I.   The plaintiffs claim the land as their property, without reference to any
judicial proceedings; and it has been argued at bar, that the decree under
which the defendant claims is a nullity, and must be treated as such.   It is urged
as grounds of nullity that there were not proper parties to the decree ; that the
heirs were not parties to it; and that neither their names nor number appear
in the record, which is necessary in an action for a partition, inasmuch as no
share can be ascertained without the number of the participants be estab-
lished.

It certainly was the duty of the curator in this case to effect a partition.
The Code makes it imperative on curators of absent heirs, when one of the heirs
is present, to sue for it (article 1129); and makes the curators competent par-
ties, in a suit for a partition, to represent in every respect the absent heirs
(art. 1238).   It cannot therefore be said that proper and competent parties
were not made in this suit.

The purchaser in this case was not bound to look beyond the decree.   The
jurisdiction of the court was undoubted, and the jurisprudence of this State has
long since been settled, that a *bonâ fide* purchase at a judicial sale is protected
by the decree.   *Lallane's Heirs* v. *Moreau*, 13 La. 432.   *Brosnabeau* v. *Tur-*

*ner*, 16 La. 440.   *Beard et al.* v. *Morancy*, 3 Rob. 122.   *Beale* v. *Walden*, 11 La. 68.   Vide also *Thompson* v. *Tolmie*, 2 Peters, 168.

II. It is urged in argument that the curator only represented the absent heirs of *Joseph Harrison*, and not the heirs of his pre-deceased wives, and that the decree only related to the sale of the land of *his* absent heirs, and not theirs. The first wife died in 1807 : the second in 1816 or 1817 ; and *Harrison* himself died in 1823. Both the successions were vacant. The defendant's possession is under a just title, and has continued without interruption for more than ten years. Prescription runs against a vacant estate, though no curator has been appointed to it. C. C. art. 3491. We have examined, with much attention, the learned opinion delivered by the late Supreme Court, in the case of *Calvit et al.* v. *Mulhollan et al.*, 12 Rob. 261, without having been able to concur in all its conclusions.

We find that the vacant succession, the *hereditas jacens* of the roman law, forms an important constituent portion of the legislation concerning the administration of successions in the Code of 1825.

The fact that all prescriptions, which are incomplete on the death of the deceased, continue to run against his vacant succession, necessarily pre-supposes that, until it is accepted by the heir, it represents the person of the deceased. Article 940 of the Code, by providing that the right of the heir is in suspense until he decides whether he accepts or rejects it, modifies and limits, in accordance with that principle, the rule that the succession is acquired by the heir from the moment of the death of the deceased, by the operation of law.

It is the interest of the State that real property should have a visible and responsible owner. When heirs choose to relieve themselves from the charges of ownership and the payment of the debts of the succession, and await in security the improvement of property falling to them through the enterprise and labor of others, the law has wisely held that they should not be permitted to use their rights to the manifest injury of others. It has provided consequently for the appointment of curators to vacant successions, that prescription shall not be interrupted against them, and that when the heirs accept the succession, it shall be taken only on the condition of not prejudicing the rights which may have been acquired by third persons upon the property of the succession, either by prescription or by lawful acts done with the curator. Civil Code, art. 1024, *Davis's Heirs* v. *Elkins*, 9 La. 147. *Poultney's Heirs* v. *Cecil*, 8 La. 342.

We consider that, for the purposes of prescription, successions now represent, as they did under the Code of 1808 and under the roman law, the person of the deceased, as long as the heirs leave their rights in abeyance, and avoid the responsibility and charges of asserting them.

Such being our conclusions, it is unnecessary to examine the other questions which have been raised in argument. We are of opinion that the claims of the plaintiffs, as heirs of the deceased wives of the late *Joseph Harrison*, are prescribed by lapse of time.                    *Judgment affirmed.*