CARLINA TORRES DEL VALLE ET AL., Plaintiffs and Appellants, *v.* CAGUAS SUGAR COMPANY ET AL., Defendants and Appellees.

No. 4649.   Argued April 2, 1929.—Decided April 5, 1929.

*González Fagundo & González Jr.* for the appellants.   *Henry G. Molina* for the Caguas Sugar Co. and *Luis Janer Landrón* for the appellee Guarch Ríos.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action to recover two parcels of land, one of two acres in the possession of defendant Guarch and another of twenty acres in the possession of the Caguas Sugar Co., with the profits produced by them.

The plaintiffs allege that they are the owners of the said properties by virtue of inheritance or liquidation of conjugal partnership and have never relinquished their ownership.

The defendants admit that they are in possession of the

properties in question, but allege that they are the owners of them.

It results from the evidence that on June 22, 1910, Juan Ramón and José Torres García acquired a property of twenty-two acres from the marshal of the District Court of Ponce who was acting in representation of the defendants in the action in which the judgment was rendered and in execution thereof. Of that property of twenty-two acres were formed the properties of two and of twenty acres sued for in this action. The sale was recorded in the registry of property as follows:

"3rd. RURAL: Property whose description appears from the preceding second and third records and to which I refer as being the same as that given in the document now presented, with the difference that according to it the only subject of the present record is a portion of thé said property which is described as follows: Parcel of land situated in the ward of Cañabon of this municipal district containing twenty-two acres (there follows the description). This property appears to be unincumbered. María del Valle Serrano, Carlina, Francisca and Atanasio Torres del Valle acquired this property as joint owners by the will of Nicolás Torres Flores, as appears from the first record, and María del Valle Serrano, Carlina, Francisca and Atanasio Torres del Valle, together with Secundino, Pedro, Domingo, Sebastián, José Nicomedes and Manuel Torres Acevedo, María Angela, Cesarea, Teodosia and Francisca Muñoz Torres and Ildefonso Solá, were faced with a litigation by reason of an inheritance claimed from Nicomedes Torres by Juan Ramón Torres García and José Torres García, represented by their mother with *patria potestas* Ana María García, and the former made a compromise and settlement with the latter in June, 1907, whereby the owners of the property herein described and of another property were to convey to the claimants the ownership thereof and execute the proper deed of settlement whereby they would accept the conveyance of any rights held by the claimants to the inheritance from Nicolás Torres, and as they failed to perform the agreement made in said deed of settlement, the said Secundino, Pedro, Domingo, Sebastián, José, Nicomedes and Manuel Torres Acevedo; María del Valle Serrano, Carlina, Francisca and Atanasio Torres del Valle, María-Angela, Cesarea; Teodosia and Francisca Muñoz Torres and Ildefonso Solá were sued by

Juan Ramón and José Torres García, represented by attorney José Tous Soto, in the District Court of Ponce for the performance of the said agreement, in which action judgment was rendered by the said court on February 25th ordering the defendants to perform the agreement made with the plaintiffs in June, 1907, and ordering likewise Ildefonso Solá to acknowledge the said agreement and be a party to the proper deed, giving his consent to the execution of all such acts arising from the contract and renouncing in favor of the plaintiffs any right that might be held by him to a thirty-six acre parcel of land described in the deed presented, regarding which no record has been sought, and lastly declaring void any contract between Ildefonso Solá and the defendants who with the former are charged with the fees of the attorney for the plaintiffs and the corresponding costs. By virtue whereof the marshal of the District Court of Ponce, Rafael Rivera Esbri, of age and a resident of this city, in representation of the aforesaid defendants and by reason of their default, accepts the renunciation made by the plaintiffs through their attorney José Tous Soto of their rights to the inheritance of Nicomedes Torres, and in consideration of such renunciation and pursuant to the compromise the said marshal in representation of the defendants as empowered by law conveys to the plaintiffs Juan Ramón and José Torres García, minors in joint ownership share and share alike the parcel of land described and another parcel of thirty-six acres, which conveyance is accepted by José Tous Soto, of age, married and a resident of Ponce, as attorney for the assignees, which contract has been ratified by Ana María García, fifty years old, single and a resident of this city, and in her capacity as mother ·with *patria potestas* of José Torres García, thirteen years old, single, property owner and having the same residence, and Ramón Torres García twenty-five years old, married, property owner and having the same residence . . . . Juan Ramón Torres García and José Torres García record in their favor the said portion which they acquired in joint and equal ownership by compromise and rescission of award and purchase, without special conditions and with the curable defect of the failure to mention in the deed the age, civil status, profession and residence of the defendants Secundino, Pedro, Domingo, Sebastian, José, Nicomedes and Manuel Torres Acevedo; María del Valle Serrano, Carlina Francisca and Atanasio Torres del Valle, María-Angela, Cesarea, Teodosia and Francisca Muñoz Torres and Ildefonso Solá. All of which appears from a deed executed in Ponce on June 22nd ult. before notary Ramón Dapena also of Ponce, a copy of which has been presented in this Registry, . . . . which appears like-

wise from the copy of the deed of ratification hereinbefore mentioned which has been examined; . . . ."

On the 15th of October of the year 1910 Juan Ramón and José Torres García sold the property of 22 acres to Nicolás Santini; on June 10, 1911, Santini sold it to M. Soto Aponte; on June 30, 1911, Soto Aponte sold it to J. M. Solá; on January 10, 1916, J. M. Solá sold it to Salvador F. Solá; on April 19, 1920, Salvador F. Solá sold it to Central Defensa Inc.; on January 10, 1921, Central Defensa Inc., segregated therefrom two acres and sold it to defendant Guarch, and on July 31, 1923, sold the remaining twenty acres to the defendant Caguas Sugar Co. Inc.

This being so, as the plaintiffs here represent the interests which the defendants represented in the action in which the judgment was rendered which the marshal of the District Court of Ponce executed in 1910, what is the basis of their action?

In order to answer the question we copy the 13th averment of the complaint, as follows:

"THIRTEENTH: In connection with the facts set forth in the eleventh and twelfth averments it is now alleged by the plaintiffs that it is not true that the compromise referred to was reached between María del Valle Serrano and her children Carlina, Francisca and Atanasio on one side, and Juan Ramón and José Torres García on the other, and that, if it had been, it was void for lack of consideration on the latter's part, because they had never had any interest in the estate of their deceased natural grandfather, Nicomedes Torres Flores, and besides, as regards Carlina, Francisca and Atanasio Torres del Valle, because in 1907, the date of the alleged compromise, the latter were under age and as there was involved in the said compromise the disposition of joint ownership in real property, they had failed to obtain judicial authorization in order to carry it out; that in the action instituted in the District Court of Ponce judgment was rendered against María del Valle Serrano and her children Carlina, Francisca and Atanasio, without the introduction of any evidence to support the facts alleged in the complaint, and that the deed of sale letter (a) to Juan Ramón and José Torres García, executed by Rafael Rivera Esbri, marshal of the aforesaid

court, pursuant to the said judgment, is void because the property so sold is situated in the municipal district of Caguas which is outside the geographical boundaries of the judicial district of Ponce; that all subsequent conveyances of the property letter (*a*), as well as the two mortgages on it, are also void, as originating in the Torres Garcías who never owned the property letter (*a*)."

The District Court of Humacao dismissed the complaint with costs, basing its judgment on a careful opinion delivered by Judge Castejón from which it seems well to transcribe the following:

"As to the reality of the compromise of 1907, lack of consideration on the part of the Torres García brothers because they were not entitled to inherit from their deceased natural grandfather, Nicomedes Torres, and the lack of evidence before the District Court of Ponce in support of the facts alleged in the complaint, we are of the opinion that similar questions can not be collaterally argued in this action, apart from the fact that their consideration *de novo* would operate as a review by this court, which is entirely improper.

"The compromise is attacked as regards the minors Carlina, Francisca and Atanasio Torres del Valle on account of their being minors in 1907 when the agreement was made, and as the said compromise involved the disposition of a condominium in real property, there had been failure to obtain the proper judicial authorization.

"If the only thing before us were the compromise made with the intervention of the aforesaid minors, the allegation of the plaintiffs would carry great weight.

"But it so happens that we have before us not only the compromise, but also a judgment of a district court against the said minors obliging and ordering them to carry out that agreement.

"What better authorization of the district court than the ratification by its judgment ordering the minors to comply with it?

"If the compromise was deficient for lack of judicial authorization, this was cured, in our opinion, by the judgment rendered by the District Court of Ponce.

"In Flores v. Registrar of Guayama, 19 P.R.R. 967; Aviles v. Registrar of Aguadilla, 17 P.R.R. 925, and García v. Registrar of Guayama, 23 P.R.R. 394, it was held that district courts have jurisdiction of cases involving property belonging to minors and that municipal courts have not, and in the last of these cases the Supreme Court expressed itself as follows:

" 'The district courts have jurisdiction in such cases inasmuch as the Legislature decided that one of their duties should be the supervision of the persons and property of minors.'

"In our opinion such supervision was exercised by the District Court of Ponce in ordering the minors to perform the agreement and granting by implication its judicial authorization for the purpose of ratifying it.

"Another point raised by the plaintiffs refers to the inexistence of the deed of conveyance executed by the marshal of the District Court of Ponce as regards the twenty-two acres, as the property is situated in the municipal district of Caguas and outside of the geographical boundaries of the judicial district of Ponce.

"The doctrine that a marshal can not effect the delivery or sale of real property outside of his judicial district is well known.

"But in our opinion the marshal of the District Court of Ponce has not performed any act that might be considered as the conveyance or delivery of property, but simply as a ratification and legalization of the compromise which the defendants refused to fulfill, and it is so much so that when trying to give effect to the compromise by the delivery or act of giving possession of the property referred to therein, the said acts were not performed by the marshal of the District Court of Ponce, but by the marshal of Humacao, the district in which the said property was situated."

Reference is made to an abandoned defense and he continues:

"The other defense of the defendants and the most important question raised in the present case is the condition of third person.

"According to the general definition given in section 27 of the Mortgage Law, a third person shall be considered one who has not been a party to the recorded instrument or contract.

"In accordance with that definition it is evident that the defendants who did not intervene in the compromise contract and its recording in the Registry of Property must be considered as third parties.

"Now, as an exception to that rule it has been established by jurisprudence that such status of third person is lost by one who has knowledge of the defects, incumbrances or other acts which invalidate or void the recorded contract.

"But this knowledge must appear clearly either from the acts of the purchaser or from the records in the Registry of Property.

"The present action refers to the latter case, that is, to causes appearing from the Registry.

"Sections 33 and 34 of the Mortgage Law which govern this matter read as follows:

" 'Art. 33. Instruments or contracts which are null under the law are not validated by their admission to record.

" 'Art. 34. Notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

" 'Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person, with the exceptions mentioned in article 389.

" 'The provisions of this article shall at no time apply to an instrument recorded in accordance with the provisions of article 390, unless prescription has validated and assured the interest to which said instrument refers.'

"The causes of nullity alleged in the present case are set forth in the 13th averment of the complaint and the third record of the property is copied.

"Do the alleged causes of nullity clearly appear from that record?

"Not in our opinion.

"In Ayllon y Ojeda et al. v. González y Fernández et al., 28 P.R.R. 69, our Supreme Court expressed itself as follows:

" '. . . . One who buys from a person whose title is recorded in the registry of property is protected unless a defect clearly appears in the registry of property. *People* v. *Riera*, 27 P.R.R. 1; *Sánchez* v. *Hartzell et al.*, 26 P.R.R. 620 . . . .'

"In Menendez v. Cobb et al., 28 P.R.R. 725, the Supreme Court of Porto Rico said:

" 'Ramos and Cobb purchased the property from a person who, according to the registry, had the capacity to sell it, and if, on account of the failure to join as a defendant the heir of the wife of Regis Ramos, the purchase at public auction by Ramos Acosta is null and void, as that fact does not clearly appear from the registry it can not affect the present owner, Cobb, in accordance with article 34 of the Mortgage Law, the case of *Romeu* v. *Todd*, 206 U. S. 358, and our jurisprudence in *Sánchez* v. *Hartzell et al.*, 26 P.R.R. 620; *People* v. *Riera*, 27 P.R.R. 1, and *Ayllon et al.* v *González et al.*, *ante*, page 61, according to which third persons must only examine the

records of the registry of property and are only prejudiced by such defects as appear clearly from the registry itself.'

"At page 369 of vol. 2 of his Commentaries on the Mortgage Law Galindo says:

" 'It is not sufficient that the ground for the nullity or rescission appears from the books; it must appear clearly, as stated by the statute, it being incumbent on the courts which decide the litigation to weigh such circumstance.'

"Given the foregoing jurisprudence and applying it to the present case, we may say that the defendants purchased from persons who appeared from the registry as having title and that they were not required to make a legal examination of the third record of the property in order to ascertain whether the action of the district court has been correct and whether it authorized the minors to make the compromise, since it was the district court itself which ordered compliance with the agreement.

"Therefore we understand that the defendants are third persons and that they can not be affected in any way by any ground of nullity, if such existed, invalidating the said compromise, for such defect does not appear clearly from the registry of property.

"As regards the acquisitive prescription, the defendants showing a just title and adding the time of their possession to that of their predecessors in interest and in good faith, they have acquired the ownership of the property in question by virtue of the ordinary prescription."

The plaintiffs took this appeal and their brief contains the following assignments of error:

"First. In holding that the action for fulfillment of compromise agreement brought in the District Court of Ponce could not be attacked.

"Second. In holding valid the deed of conveyance to the property of twenty-two acres executed in favor of the Torres Garcias by the marshal of the District Court of Ponce.

"Third. In holding that the plaintiffs are third persons who can not be prejudiced by the present action because it is based on causes which do not appear clearly from the registry of property.

"Fourth. In holding that the defendants have acquired by ordinary acquisitive prescription the ownership of the real property sought to be recovered.

"Fifth. In imposing the costs of this action upon the plaintiffs."

This case would lend itself to the writing of a lengthy and elaborate opinion, but the matter has been considered for so many years and on so many occasions by this court, the opinion of the trial court reveals such deep study and the work of this court is so oppressive that, accepting the reasonings of the district judge, we shall say only that both from the oral argument and from the brief of the able attorney for the appellants we have understood perfectly all of his arguments and are of the opinion that they do not destroy the judgment appealed from.

The jurisdiction of the District Court of Ponce of the action for performance of compromise agreement was clear.

This action is not a direct attack upon the judgment rendered in the former action, but collateral. Such being the case, it is only permissible to inquire into and determine in it such questions as are permitted by law and jurisprudence to be so inquired into and determined.

In *González et al.* v. *Anglada et al.,* 33 P.R.R. 980, this court, by Mr. Justice Wolf, said:

"We are now of the opinion that where the court had jurisdiction over the persons and the subject matter, a sale of infant's property cannot be set aside merely because the tutor has not qualified or recorded his tutorship. The same line of reasoning that availed to sustain a just title is applicable to the present situation. A person buying ought not to look beyond the decree of the court having jurisdiction over the parties and the subject matter. *Davis* v. *Gaines,* 104 U. S. 391, cited in *Ayllon* v. *González, supra,* was a case that came up from Louisiana. A first will had been probated and Myra Clark claimed under another will. The defendants took under a probate sale by virtue of the first will. The court held that a sale by order of a probate court was a judicial sale; that such sales were protected by the rule that a title acquired at a decretal sale of lands made by a court in the exercise of competent jurisdiction was not rendered invalid by the reversal of the decree. In the cited case of *Gray* v. *Brignardello,* 1 Wall. 627, 634, the court said in *pari materia* that it was sufficient for the buyer to know that the court had jurisdiction and exercised it and that the order on the faith of which he purchased was made, and authorized the sale. In *McCullough* v. *Miner,*

2 La. Ann. 466, also cited in *Davis* v. *Gaines,* the court held that a *bona fide* purchaser at a judicial sale was protected by the decree and need not look beyond it, citing other cases. Other cases to the same general effect are *Thompson* v. *Tolmie, supra; Succession of Hebrard,* 18 La. Ann. 494; *Succ. of Lehmann,* 41 La. Ann. 987; *Webb* v. *Keller,* 39 La. Ann. 55, 24 C.J. 668, 28 C.J. 1201. In *Webb* v. *Keller, supra,* it was held, citing cases, that the purchaser at a sale made under an order of the probate court, which is a judicial one, is not bound to look beyond the decree recognizing its necessity. 'He must look to the jurisdiction of the court, but the truth of the record, concerning matters within its jurisdiction cannot be disputed.' Of course, the opinion was assuming that the court ordering the sale had jurisdiction. Some of the cases cited to show that a sale cannot be collaterally attacked are also applicable.''

The following from 35 C. J. 111, is transcribed in the same case:

''Sec. 194.—I. Collateral Attack.—1. In General.—Proceedings to avoid a judicial sale are collateral, unless brought in the cause in which the decree of sale was rendered or, it has been held, by an action instituted for the purpose of setting it aside. On a collateral attack only the proceedings of the court entered on record can be looked at; the record is conclusive of the truth of the matters therein contained; as to all matters within the jurisdiction of the court the truth of the record cannot be disputed collaterally; and it will be presumed, so far as is consistent with the record, that all steps necessary to the regularity of the proceedings were taken. It has been said in a case of collateral attack that there are but two grounds on which a judicial sale can be held invalid, either a want of jurisdiction in the court ordering it or fraud practiced in effecting it.''

The only new question somewhat involved is the power of the marshal to act in execution of the judgment of the district court although the property was situated in another district.

In support of the conclusion of the trial court the appellees cite the case of *Carbonell* v. *Registrar,* 17 P.R.R. 137, and Pomeroy. Under the laws in force in Porto Rico in 1910, the citation of Pomeroy is pertinent and answers the question affirmatively. It is as follows:

''A decree of chancery spoke in terms of personal command to the

defendant, but its directions could only be carried into effect by his personal act. It declared, for example, that the plaintiff was the equitable owner of certain land, the legal title of which was held by the defendant, and ordered the defendant to execute a conveyance of the estate; his own voluntary act was necessary to carry the decree into execution; if he refused to convey, the court could endeavor to compel his obedience by fine and imprisonment. The decree never stood as a title in the place of an actual conveyance by the defendant; nor was it ever carried into effect by any officer acting in the defendant's name. It has also been shown that this original character of equitable remedies and decrees has been greatly modified by statute in the United States. Under this legislation decrees are made to operate of themselves, wherever necessary, as a sufficient title; they either transfer the estate by their own force, without any actual conveyance from the defendant, or they are carried into execution by officers purporting to act in the defendant's name and stead. Side by side with this most important statutory change, the original personal character of the remedies is still left wherever the alteration would be impossible.'' 1 Pomeroy's Equity Jurisprudence, par. 428, p. 585.

Therefore, the cases of *Benet* v. *Hernández,* 22 P.R.R. 323; *Maldonado* v. *Preston,* 22 P.R.R. 614; *Solá* v. *Castro,* 32 P.R.R. 740; *Blondet* v. *Benítez,* 33 P.R.R. 394, and *Benítez* v. *Benítez,* 34 P.R.R. 216, cited by the appellants, are distinguished from this case. The present is not a case where a marshal who in executing a judgment sells to the highest bidder at public auction property situated in another judicial district, but of a marshal who in the name of a party to an action performs an obligation imposed on him by the court in its judgment.

The question of whether the minor plaintiffs in the action for fulfillment of compromise had no hereditary rights has no importance. Even if it be concluded that they had none, it would be an error of law and not of fact which could not be invoked for voiding the compromise. *Arandes* v. *Baez,* 20 P.R.R. 364; *American Railroad Co.* v. *Wolkers,* 22 P.R.R. 264; *Goffinet* v. *Manrique,* 34 P.R.R. 483.

It is evident from all that has been said that the defend-

ants are hypothecary third persons. They bought from persons who had their rights recorded. As to the alleged causes of nullity, some of them do not appear from the record and those which do appear are not such causes.

As regards the imposition of costs, we do not feel justified, from all of the circumstances, in holding that the district court abused its discretion in its ruling thereon.

The judgment appealed from must be affirmed.