CARTER, Judge:
This is an appeal to set aside a trial court judgment of forfeiture of a surety bond.
The facts as set forth by the trial judge in his written reasons for judgment are as follows:
“On or about September 16th or 17th of 1981, the defendant, Shannon Lutze, was arrested on charges of two counts of obscenity, one count of ‘B-Drinking’, possession of marijuana and possession of quaaludes.
On September 19th, the defendant, as principal, and Abe Pereira, as surety, executed a personal surety bond in the sum of $30,000.00, to secure the defendant’s release pending disposition of these charges.
On October 22nd, the State filed a bill of information charging the defendant with the offense of ‘B-Drinking’ only.
On October 26th, the defendant personally appeared for arraignment before Division ‘B’ of this Court, entered a plea of not guilty, and was ordered to appear before Division ‘C’ at 10:00 A.M., on January 27, 1982, for a pre-trial conference.
On January 27th, the defendant failed to personally appear at the pre-trial conference, although she was represented by her attorney. Accordingly, on motion of the State, the Court ordered the bond of September 19, 1981, forfeited, and issued a bench warrant for her arrest, returnable on April 2,1982, at 10:00 A.M., before Division ‘C’. The surety bond judgment of forfeiture was signed on February 5, 1982.
On April 2nd, the bench warrant was returned unexecuted and the defendant again failed to appear. However, when her case was called on the docket the State entered a nolle pros and dismissed prosecution.
On July 16th, the defendant, through her attorney, filed the instant motions [Motion to Withdraw Bench Warrant and Motion to Cancel Surety Bond Judgment *1299 of Forfeiture] in the nature of a contradictory rule against the State, principally on the basis of the nolle pros entered by the State.
To date, the defendant has neither appeared nor has she surrendered herself to the jurisdiction of the Court.”
Judgment was then signed denying defendant’s motions to withdraw the bench warrant and to cancel the judgment of bond forfeiture. Thereafter defendant applied to the First Circuit Court of Appeal for writs. The court ordered the bench warrant recalled and vacated, but denied the application as to the judgment of bond forfeiture stating that the matter was ap-pealable as a civil proceeding. Defendant then perfected this appeal.
Defendant first argues that the trial court does not have the power to order a defendant to appear for a pre-trial conference where her presence is not required under law, and therefore, the judgment of bond forfeiture based on non-appearance should be vacated.
A court has the inherent power to issue all needful writs, orders, and other process in aid of the exercise of the jurisdiction of its court. Louisiana Constitution of 1974, Art. 5, Sec. 2; LSA-C.Cr.P. art. 17. Such power and authority is essential to the courts in order to facilitate the orderly administration of justice.
In the case sub judice, the trial court ordered a pre-trial conference pursuant to LSA-C.Cr.P. art. 729.4 and, by virtue of its inherent powers, ordered defendant to be present at the pre-trial conference. Such an order promoted the efficient day to day functioning of the court system and was well within the power of the court. Therefore, we find that the court had the authority to order defendant to be present at the pre-trial conference.
We note further that defendant has agreed pursuant to her bond obligation to appear at all stages of the proceedings and to hold herself amenable to the orders and process of the court.
Defendant next argues that even if it is determined that the court has the power to order her to appear at the pre-trial conference, the judgment of bond forfeiture should be set aside on grounds of mootness as the charges against her have been dismissed. We disagree.
The pertinent statutory provisions are:
(1) LSA-C.Cr.P. art. 343 provides for the cancellation of a bail bond:
“The court shall order the bail bond canceled when there is no further liability thereon.”
(2) LSA-R.S. 15:85(B)(3) provides for the cancellation of a judgment of forfeiture of a bail bond:
“Any judgment forfeiting an appearance bond rendered under this provision at any time within six months after mailing of notice shall be set aside, upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance.”
According to LSA-C.Cr.P. art. 343, a bail bond shall be canceled when there is no further liability thereon. However, where the defendant has breached the bond obligation and it has been forfeited, R.S. 15:85 is applicable. R.S. 15:85 provides that when a judgment of forfeiture has been rendered such forfeiture can be set aside only upon the surrender or appearance of the defendant within six months of the forfeiture.
The statute sets forth the procedure for cancellation of a forfeiture at a time when the charges against a defendant are pending. Because there is no specific exception for cancellation of a forfeiture when the charges against a defendant have been dismissed, we conclude that the requirements of R.S. 15:85 apply to both situations. Therefore, a defendant whose bond has been forfeited, regardless of the disposition of the initial charges, must comply with R.S. 15:85 in order to have the forfeiture set aside.
In the case sub judice, the defendant was arrested on or about September 16, 1981 and was thereafter granted bail. On *1300 October 26th, defendant was arraigned and at that time was ordered to appear in court on January 27th for a pre-trial conference. Defendant failed to appear in court as ordered and as a result bond was forfeited. On April 2nd, the charges against her were dismissed. To date, defendant has failed to present herself to the court.
The defendant’s argument that the dismissal of the charges by the district attorney renders the issue of the forfeiture moot is without merit.[1] The defendant was ordered to appear in court at a time when there were viable charges pending against her; nevertheless, she refused to do so. The dismissal of the charges by the district attorney does not alter the fact that the defendant willfully and intentionally disobeyed an order of the court and, in so doing, violated an express condition of her bond.
The trial court ordered the bond forfeited because of the defendant’s intentional refusal to appear before the court at the appointed time. Thereafter, the trial court refused to set aside the bond forfeiture because of the defendant’s continuing refusal to appear in court. We find the ruling of the trial court to be correct as it is in accord with the statutory provisions.
For the foregoing reasons the judgment of the trial court is affirmed. Costs to be paid by defendant-appellant.
AFFIRMED.
WATSON, J., dissents and assigns reasons.

. Defendant has cited three cases for the proposition that a nolle prosequi entered as to the charges against a defendant requires that the judgment of bond forfeiture be set aside. State v. Bugg, 6 Rob. 63 (1843); State v. Prendergast, 11 La. 68 (1837); State v. Dunbar, 10 La. 99 (1836). All of the cases cited date from the mid-1800’s and were decided under the bond laws then prevailing and are not dispositive of the issue in the present case.