René Cintrón Parra, demandante y apelante, *v.* Yabucoa Sugar Company, demandada y apelada.

No. 4841.—*Sometido:* Marzo 26, 1930. *Resuelto:* Julio 22, 1931.

*Feliú & La Costa,* abogados del apelante; *González Fagundo & González, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Para resumir los hechos: resulta que el 21 de noviembre de 1885 Isabel Parra y Capó de Cintrón adquirió por herencia ciertos créditos hipotecarios, uno de los cuales se alegó es un gravamen sobre el predio de terreno que es objeto de la acción reivindicatoria que tenemos ante nos. En un procedimiento ejecutivo dicha propiedad fué adjudicada a Isabel Parra y Capó. Se extendieron en el registro las correspondientes inscripciones. Al tiempo de adquirir el crédito hipotecario, Isabel Parra y Capó estaba casada con Zoilo Cintrón y Cintrón. Ella falleció el 21 de febrero de 1896 y su único heredero, suponiendo que su esposo esté excluído, fué su hijo, René Cintrón Parra, el demandante en este caso. Parte de la propiedad adquirida por doña Isabel se vendió, y la finca envuelta en este litigio asciende a 172.85 cuerdas. En 1907, cuando el demandante tenía como once años de edad, su padre inició un procedimiento de utilidad y necesidad en la Corte de Distrito de Ponce, solicitando autorización judicial para vender la participación que el aludido menor tenía

en dicha propiedad, y el 16 de marzo de 1907 la Corte de Distrito de Ponce autorizó la venta.

Parece de varios documentos en los autos que Zoilo Cintrón Cintrón reclamaba la mitad de la finca por herencia de su esposa más bien que como bienes gananciales. De todos modos, era claro que él interesaba se le autorizara a vender la mitad de la propiedad como perteneciente a su hijo como heredero de la madre de éste. La propiedad fué vendida como un todo a Rafael Fabián, quien a su vez la vendió a la Yabucoa Sugar Company, la demandada en este caso. En su contestación, la demandada alegó la prescripción de cuatro años bajo el artículo 1268 del Código Civil y la prescripción adquisitiva a tenor del artículo 1858 del mismo cuerpo legal. Desde luego, que bajo el artículo 1268 invocado por la corte, habría habido que destruir los títulos escriturarios (*muniments of title*) antes de que pudiera prosperar la acción reivindicatoria, y por tanto, el término prescriptivo de cuatro años hubiera sido aplicable.

La corte principalmente basó su fallo en el fundamento de prescripción adquisitiva. La corte no tuvo duda, sin embargo, de que la naturaleza privativa de la propiedad aparecía del registro, aun cuando no se le caracterizara así.

Sucedió que la venta de Cintrón a Fabián o de Fabián a la Yabucoa Sugar Company, o ambas, no podían ser inscritas. El apelante sostiene que no se podía inscribir la propiedad porque constaba a nombre de Isabel Parra y Capó. Sea ello como fuere, subsiste el hecho de que la Yabucoa Sugar Company, instó, obtuvo y logró inscribir, un expediente de dominio sobre la misma propiedad.

La corte resolvió que no había defecto de forma en el procedimiento para obtener el título de dominio. El apelante mantiene que había un número de defectos. Sin embargo, la corte creyó que era necesario determinar si la Yabucoa Sugar Company tenía un título prescriptivo de dominio basado en la posesión de diez años de buena fe y con justo título. Ha-

llamos que es innecesario considerar los defectos de forma en el expediente de dominio, porque todo el caso desde cualquier aspecto depende de si Rafael Fabián y su compradora tenían un justo título, y éstos justo título, buena fe y prescripción pueden ser probados ya sea válido o no el expediente de dominio. Por otra parte la apelada hace algún hincapié en la validez de los procedimientos judiciales y en la jurisprudencia de este tribunal en los casos de *González* v. *Anglada,* 33 D.P.R. 1024, *Ayllón* v. *González,* 28 D.P.R. 67; *B. Fernández & Hnos., Sucrs., et al.* v. *Ayllón y Ojeda,* 266 U. S. 144, y otros.

 Hasta dónde un comprador en un procedimiento judicial esté protegido por estas decisiones, ellas solamente significan o resuelven que todas clases de defectos que hubieran causado la nulidad de dichos procedimientos no pueden impedir que surja un justo título. Tales casos no pueden aplicarse en oposición a la Ley Hipotecaria misma y al conocimiento implícito que emana de inscripciones previas independientes. Si el título privativo de Isabel Parra y Capó aparecía necesariamente del registro, de acuerdo con el artículo 33 de la Ley Hipotecaria la inscripción de cualquier título legal que no va dirigida contra la inscripción anterior, ni la modifica, de nada serviría. En lo que concierne al apelante, él era, al fallecimiento de su madre, el dueño de todo el título a la propiedad, y su padre no tenía participación en ella. Sin embargo, dicho hijo y heredero asimismo tenía, en verdad, derecho a la mitad de la finca, sobre la teoría de que lo mayor incluye lo menor. De suerte que el padre tenía el derecho colorable, aparentemente, de acudir a la corte y solicitar permiso para vender la mitad de la finca sobre el principio de utilidad. y necesidad. Quizá si se hubiera llamado la atención de la corte hacia la teoría bajo la cual Zoilo Cintrón y Cintrón reclamaba la propiedad o se la atribuía a su hijo, la corte propiamente se habría podido negar a proceder, porque la teoría no era un fiel reflejo de los hechos tal como ellos

existían. Empero, como toda la finca en realidad de verdad pertenecía al hijo y heredero, su padre tenía derecho a obtener permiso de la corte para vender la mitad, y esto era bastante para fundar un justo título, aun cuando no hubiera podido surgir en aquel entonces ningún título perfecto.

Cuando llegamos, sin embargo, a la porción enajenada por Zoilo Cintrón a su propio nombre, no hay posibilidad de alegar un justo título. Hallamos y resolvemos que el carácter privativo de la propiedad aparecía claramente del registro. Fabián y la Yabucoa Sugar Company, por conocimiento implícito, estaban obligados a saber que Zoilo Cintrón no tenía título. Él específicamente renunció a todo derecho al usufructo, si alguno tenía. Los procedimientos para vender el condominio del hijo sobre una mitad, eran colorables. Ningún viso de título surgió en el padre.

Por tanto, consideramos claro que era innecesario obtener la nulidad de cualesquiera procedimientos inscritos porque el demandante tenía un claro derecho a reivindicar la mitad de la finca. *Oliver* v. *Oliver*, 23 D.P.R. 181. Así, pues, la prescripción de cuatro años no era aplicable.

Creemos que hemos cubierto directa o indirectamente todos los señalamientos de error salvo uno, el que se refiere a la aseveración de que la contestación admitió ciertas alegaciones de la demanda. La apelada dice que esta cuesión no fué suficientemente suscitada en la corte inferior, y tal vez no lo fué. La corte y la apelada creen que la contestación suscitó suficientemente la defensa, pero no nos detendremos a investigar si están o no en lo cierto. La controversia principal en la corte inferior giró alrededor de si la demandada tenía o no un justo título y esto fué suficientemente suscitado, o deberíamos considerar que la contestación ha sido enmendada, de acuerdo con la jurisprudencia de este Tribunal y de California. La defensa de prescripción adquisitiva fué suficiente y directamente alegada.

*Debe revocarse la sentencia apelada y dictarse otra decre-*

*tando que el demandante recobre la mitad de la finca objeto
del litigio, juntamente con los frutos de la misma de acuerdo
con la ley.*